**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CAROLYN J. FLORIMONTE,

      Plaintiff,

          v.

BOROUGH OF DALTON, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:CV-14-0341

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

Presently before the Court for review is Magistrate Judge Blewitt's Report and Recommendation (Doc. 7) to Defendants' Motion to Dismiss (Doc. 4)[1] Plaintiff Carolyn J. Florimonte's ("Florimonte") Complaint.  Because Florimonte fails to state a claim upon which relief can be granted, the Report and Recommendation will be adopted and the Complaint will be dismissed.

### I. Background

The underlying facts are set forth in detail in Magistrate Judge Blewitt's Report and Recommendation and will not be repeated at length herein.  For purposes of review of the instant Report and Recommendation, it is sufficient to note that this action involves the installation and maintenance of two pipes by the Borough of Dalton (the "Borough") as part of a Borough water drainage system on real property owned by Florimonte.  The installation of the pipes, however, occurred several years before Florimonte purchased the property.  Florimonte subsequently discovered that flooding on her property was being caused by the discharge of water from the two pipes.  Eventually, the discharged water caused damage to her residence.

---

[1]    The Complaint indicates that Defendants are "Borough of Dalton a.k.a. Borough Council, i.e., parties thereof, including but not limited to all past and present members of Borough Council of Dalton since May 5, 2000, in their official capacities only, . . ." (*Compl.*, ¶ 2.)

This action is the first federal lawsuit filed by Florimonte against Defendants relating to the flooding on her property.  Florimonte has, however, previously filed nine (9) actions against the Borough and/or its council members in the Court of Common Pleas of Lackawanna County, Pennsylvania based on the same set of facts.

Florimonte first commenced litigation against the Borough in 2003 asserting claims for negligence and trespass.  A non-jury trial was held in that action in 2011, and Florimonte's claims for relief were denied for lack of credible evidence supporting her negligence and trespass claims.  Florimonte appealed that decision to the Commonwealth Court of Pennsylvania.  On April 4, 2013, the Commonwealth Court affirmed the trial court's finding that Florimonte failed to present sufficient evidence to support her negligence claim, and, further, that she waived her right to recover money damages.  With respect to the trespass claim, however, the Commonwealth Court concluded that Florimonte demonstrated a continuing trespass.  Thus, the Commonwealth Court reversed the trial court's denial of relief for that claim.  Accordingly, the action was remanded to the Court of Common Pleas to fashion an equitable remedy to abate the trespass on Florimonte's property.  On July 25, 2013, the Court of Common Pleas ordered the Borough to remove one of the pipes on Florimonte's property, to fill both pipes with cement, and to cap the pipes at their ends.  According to the Complaint, this work was completed on September 3, 2013. (*Compl.*, ¶ 3q.)

While the first action was pending, Florimonte commenced a series of other lawsuits in the Court of Common Pleas of Lackawanna County regarding the same set of facts.  The second action, *Florimonte v. Borough of Dalton*, No. 2010-CV-5981, asserted claims for emotional distress/suffering and financial distress/hardship.  The Borough's preliminary objections were granted in that case, the complaint was dismissed, and the Commonwealth Court affirmed the trial court's order on appeal.

Next, on November 1, 2010, Florimonte filed her third action, *Florimonte v. Borough of Dalton*, No. 10-CV-7822.   There, Florimonte asserted claims for violation of the Fifth Amendment's Taking Clause, violation of the Fourteenth Amendment, violation of the Pennsylvania Constitution, Sections 10 and 26, and violation of Title 26- Eminent Domain. The Borough filed preliminary objections to the complaint, and the trial court sustained the objections.   The trial court's order was subsequently affirmed by the Commonwealth Court on appeal.

Florimonte's fourth lawsuit, *Florimonte v Borough of Dalton*, No. 10-CV-8001, filed on November 5, 2010, asserted claims for spinal injury, internal injury, and bodily injury. The Borough's preliminary objections were again granted, and the trial court's dismissal of the action was affirmed on appeal by the Commonwealth Court.

On January 18, 2011, Florimonte commenced her fifth action, *Florimonte v. Salva*, No. 11-CV-404,[2] asserting claims for violation of Article 1, Sections 1 and 10 of the Pennsylvania Constitution, violation of the Fifth and Fourteenth Amendments to the United States Constitution, and violations of 42 U.S.C. §§ 1982, 1983, 1985, and 1986.   These actions were all dismissed with prejudice.   Florimonte's appeals of these actions were consolidated, and the Commonwealth Court affirmed.

Florimonte's final state court action, *Florimonte v. Council of Borough of Dalton and Members of Council*, No. 11-CV-7601, was filed on or about December 14, 2011.   The complaint was in the form of an Action for Mandamus and set forth a variety of alleged violations of her constitutional and statutory rights as a result of damage to her property. The trial court granted the defendants' preliminary objections and dismissed the complaint. The Commonwealth Court affirmed the dismissal of Florimonte's action on appeal.

---

[2]      This action actually consisted of four separate lawsuits filed against four individual council members.

Most recently, on February 25, 2014, Florimonte commenced this action asserting 42 U.S.C. § 1983 claims for the unlawful taking of her property in violation of the Fifth and Fourteenth Amendments and the deprivation of her equal protection rights.  Florimonte also asserts claims pursuant to 42 U.S.C. § 1985(2) and (3).  As relief, Florimonte seeks compensatory and punitive damages, as well as equitable relief ordering the Borough to properly dispose of the storm water impacting her property.

Defendants filed a motion to dismiss the Complaint on March 20, 2014. (Doc. 4.) Defendants argued that the action is barred by the doctrine of *res judicata*, Florimonte's claims are barred by the statute of limitations, the request for punitive damages is barred as a matter of law, and any claim for an unlawful taking set forth in the Complaint should be dismised for failure to adhere to Pennsylvania's Eminent Domain Code. (Doc. 5.) Florimonte filed a timely brief in opposition on April 10, 2014. (Doc. 6.)

On May 21, 2014, Magistrate Judge Blewitt issued the Report and Recommendation currently under review. (Doc. 7.)  Magistrate Judge Blewitt concludes that the action is subject to dismissal for the following reasons: (1) the action is barred by the *Rooker-Feldman* doctrine; (2) all of Florimonte's claims are barred by the statute of limitations; (3) Florimonte's claims are barred by *res judicata* and collateral estoppel; (4) Florimonte's § 1985(2) and (3) claims fail to state that she falls within a class entitled to protection afforded by that statute; (5) Florimonte fails to sufficiently state her claims for conspiracy to violate her constitutional rights; and (6) Florimonte fails to adequately allege a Fourteenth Amendment Equal Protection Clause claim.  And, finding that leave to amend would be futile, Magistrate Judge Blewitt recommends that the action be dismissed with prejudice.

Florimonte filed timely objections to the Report and Recommendation. (Doc. 9.) According to Florimonte, Magistrate Judge Blewitt erroneously recommends that the Complaint be dismissed with prejudice based on the statute of limitations. (*Id.* at 4.)

Second, Florimonte argues that Magistrate Judge Blewitt erred in concluding that she had previously filed a § 1983 action against the Borough. (*Id*. at 9.)  Third, Florimonte raises objections to various statements in the Report and Recommendation. (*Id*. at 10-20.) Lastly, Florimonte objects to the conclusion that the issues in this action have been previously adjudicated in state court because "those decisions were obtained through extraordinary circumstances and amended law, not the controlling law . . . ." (*Id*. at 20.)

Defendants filed a brief in opposition to Florimonte's objections on June 17, 2014. (Doc. 10.)  Florimonte's reply brief in further support of her objections was filed on July 1, 2014. (Doc. 11.) Magistrate Judge Blewitt's Report and Recommendation and Florimonte's objections thereto are thus ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for

clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

As noted, Magistrate Judge Blewitt recommends that the Complaint be dismissed, among other reasons, based on *res judicata* and collateral estoppel.  In her objections, Florimonte argues that "*[r]es judicata* and claim preclusion are contested because the Supreme Court requires compensation for damages during that period.  Tolling for filing does not begin until June 21, 2013, which may override *res judicata* and claims exclusion [sic] claimed by Defendant." (Doc. 9, 17.)

Magistrate Judge Blewitt's recommendation to dismiss the Complaint pursuant to the doctrine of *res judicata* will be adopted.  "Claim preclusion, or *res judicata*, is a defense asserted when a case is essentially identical to one that has previously been adjudicated." *R & J Holding Co. v. Redevelopment Auth. of County of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011).  Though an affirmative defense, *res judicata* may be raised in a motion to dismiss. *Robinson v. Johnson*, 313 F.3d 128, 135 n.3 (3d Cir. 2002) (citing *Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir. 1964)).  A federal court is directed to "give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).  As such, in Pennsylvania, *res judicata* requires that the present and former action share: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *R & J Holding*, 670 F.3d at 427 (citation omitted).  "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995)).  Under

Pennsylvania law, "the doctrine of *res judicata* holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." *Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir.1994) (internal quotations and citations omitted).  And, significantly, "the Supreme Court of the United States has held that the doctrine of *res judicata* applies even though a plaintiff may view the first case as having been erroneously decided." *Njie v. Livingston*, No. 08-2263, 2010 WL 569551, at *5 (M.D. Pa. Feb. 9, 2010) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)).

All elements necessary to satisfy *res judicata* exist in this case based on the actions Florimonte previously commenced in the Court of Common Pleas of Lackawanna County.  For example, in the third action Florimonte filed in state court, *Florimonte v. Borough of Dalton*, No. 10-CV-7822, the parties had the capacity to sue or be sued and are the same parties in this action.  Also, there, as in this case, Florimonte raised claims for damages and equitable relief pertaining to constitutional violations "of the Fifth Amendment's Takings Clause and Fourteenth Amendment's due process and equal rights Clause, . . . and violations of Pennsylvania Constitution namely, Sections 10 and 26." (Doc. 4, Ex. C.) Likewise, that action was resolved by a final decision on the merits, as the trial court sustained the defendant's preliminary objections and the Commonwealth Court affirmed the dismissal on appeal. *See, e.g., Joell v. Nw. Human Servs.*, No. 13-3549, 2013 WL 5823738, at *4 (E.D. Pa. Oct. 29, 2013) (order sustaining preliminary objections is a final judgment on the merits carrying *res judicata* effect under Pennsylvania law).  Additionally, although Florimonte did not raise her § 1985 claims in that action, *res judicata* applies to those claims as well because "the mere inclusion of a new cause of action in a subsequent complaint will not rescue a lawsuit from *res judicata* where the underlying events that give

rise to the new allegations are essentially the same as those in the earlier action." *Jarvis v. Analytical Lab Servs.*, 499 F. App'x 137, 138 (3d Cir. 2012).   Accordingly, as a result of the plethora of lawsuits Florimonte previously filed against the Borough based on the same underlying events, all of her claims in this action, including those causes of action set forth here against the Borough for the first time, are barred by the doctrine of *res judicata*. Furthermore, with respect to the § 1985 claims, as explained in the Report and Recommendation, the allegations in the Complaint fail to state viable claims for violations of that statutory provision.   Thus, Florimonte fails to state a claim upon which relief can be granted, and the Complaint is subject to dismissal.[3]

Lastly, Florimonte will not be afforded the opportunity to amend the Complaint. Although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to dismissal for failure to state a claim, a court need not grant leave to amend if amendment would be inequitable or futile.  *See Phillips v. Cnty. of*

---

[3]     As noted, Magistrate Judge Blewitt also recommends that the Complaint be dismissed pursuant to the *Rooker-Feldman* doctrine.  Although not entirely clear from the Complaint, insofar as Florimonte asserts that her injuries are the result of the state court judgments, those claims are barred by the *Rooker-Feldman* doctrine.  However, to the extent that Florimonte's claims are premised on the allegation that her injuries were caused by Defendants' conduct, *i.e.*, Defendants' allegedly unlawful taking of her property, the *Rooker-Feldman* doctrine is not applicable. *See Cycle Chem, Inc. v. Jackson*, 465 F. App'x 104, 108-09 (3d Cir. 2012) (for the *Rooker-Feldman* doctrine to apply, "the injury must be caused by the state-court judgment, not the defendant. But when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is not barred by the *Rooker–Feldman* doctrine, even if it asks the federal court to deny a legal conclusion reached by the state court.").  Of course, "should the *Rooker-Feldman* doctrine not apply such that the district court has jurisdiction, [d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citation and internal quotation omitted).  And, as explained in the text, Florimonte's claims are barred by preclusion law, *i.e.*, the doctrine of *res judicata*.

*Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  Because the grounds for dismissal of the Complaint are not curable by amendment, it would be futile to allow Florimonte to file an amended pleading.  Therefore, the Complaint will be dismissed with prejudice.[4]

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and Florimonte's objections thereto will be overruled.  Accordingly, Defendants' motion to dismiss will be granted and the Complaint will be dismissed with prejudice.

An appropriate order follows.

July 7, 2014          /s/ A. Richard Caputo
Date                  A. Richard Caputo
                      United States District Judge

---

[4]     Florimonte requests in her reply brief leave to amend to "provide the actionable cause of the treatment of non-lawyer *pro se* litigants as a distinct 'class based subject' of the Court." (Doc. 11, 1.)  Specifically, Florimonte asserts that the denial of her due process and equal protection rights was "clearly the product of bias and prejudice by the Lackawanna County Court Judges . . . ." (*Id*. at 1-2.)  While not entirely clear, these passages suggest that Florimonte seeks leave to amend to assert claims against the judges that resolved her state court cases.  Leave to amend would be futile because the state court judges are protected by judicial immunity in such circumstances. *See Wallace v. Powell*, No. 09-286, 2009 WL 4051974, at *6 (M.D. Pa. Nov. 20, 2009) ("For judicial immunity to apply, only two requirements need to be met: jurisdiction over the dispute, and a judicial act."); *see also Thompson v. Kansas Dep't of Corr.*, 241 F. App'x 512, 515 (10th Cir. 2007) ("Although he has not sued the judges about whom he now complains, we note that adverse rulings alone are rarely sufficient to demonstrate bias, . . . and that immunity applies even when the judge is accused of acting maliciously and corruptly."); *Aldrich v. Considine*, No. 13-11405, 2013 WL 4679722, at *6 (D. Mass. Aug. 29, 2013) ("Here, all of the wrongful acts complained of were taken by Judge Muse in his judicial capacity and were acts normally performed by a judge within the scope of his jurisdiction.  Thus, notwithstanding any allegations of malice, prejudice, bias against *pro se* litigants, negligence or other bad faith acts in connection with Judge Muse's rulings, I find that he is immune from suit.").